[Crim. No. 14815. First Dist., Div. Four. May 4, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES THOMAS KASINGER, Defendant and Appellant.

**COUNSEL**

Patrick R. Murphy, Public Defender, Patrick A. Meistrell, Andrew Schwartz and Jeff Bradley, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and April Kestell Cassou, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—James Thomas Kasinger pleaded guilty to possession of heroin (Health & Saf. Code, § 11350). He has appealed from an ensuing order committing him for treatment as a narcotic addict. The sole issue on appeal is whether the court acted correctly in denying a motion to suppress the evidence upon which the charges were founded.

Appellant was on probation for grand theft, subject to a condition, among others, that he "shall submit to search . . . upon reasonable cause." He contends that it was not reasonable for the officers to make use of the search condition of the probation order when they suspected appellant of trafficking in narcotics. Citing *People* v. *Mason* (1971) 5 Cal.3d 759 [97 Cal.Rptr. 302, 488 P.2d 630], appellant also contends that the officers had no reasonable basis for suspecting unlawful activity and that the search amounted to harassment. █ A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . ." (*People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) A condition requiring

submission to search is related to the crime of grand theft; hence, the condition was valid. ■ There is no requirement that a search pursuant to a probation condition be founded on indications that the probationer "has resumed the very type of misconduct for which he was placed on probation." (*People* v. *Constancio* (1974) 42 Cal.App.3d 533, 539 [116 Cal.Rptr. 910].)

■ Officer Gutierrez had been informed anonymously that narcotics dealing was going on in appellant's apartment. The officer observed, and the apartment manager confirmed, that visitors were continually coming to the apartment according to a pattern which suggested commercial activity. That information would not in itself have justified an arrest, or supported the issuance of a search warrant. But the "reasonable cause" called for by the probation condition is not to be equated with probable cause for issuance of a warrant. We construe "reasonable cause," in the context of the probation order, as meaning circumstances indicating that in the interests of effective probation supervision a search is advisable. The information obtained by Officer Gutierrez suggested that appellant was dealing in narcotics. Effective probation supervision was promoted by a search of the apartment. A search on the basis of such information was not harassment. (*People* v. *Mason, supra,* 5 Cal.3d 759.)

■ Appellant contends that the entry and search were unlawful because the officers did not give notice of their authority and used a false name to obtain entrance. An entry pursuant to a probation condition must generally comply with the requirement of Penal Code section 1531 that an officer must give "notice of his authority and purpose, . . ." (See *People* v. *Constancio, supra,* 42 Cal.App.3d 533, 542.)

Officers who reasonably employ a ruse to obtain consent to enter a dwelling do not violate Penal Code sections 844 or 1531, even if they fail to announce their identity and purpose before entering. (*People* v. *Ramirez* (1970) 4 Cal.App.3d 154, 157-158 [84 Cal.Rptr. 104].) Rules governing entry to make a probation search are similar to rules governing entry pursuant to a warrant; thus, it follows that the officers in this case did not act improperly when they used a ruse to enter appellant's apartment.

This conclusion is strengthened by consideration of the policies underlying sections 844 and 1531. These sections aim at the protection of the privacy of people who are searched or arrested, and at the prevention of violence brought on by sudden and forcible entry by police officers.

(*Duke* v. *Superior Court* (1969) 1 Cal.3d 314, 321 [82 Cal.Rptr. 348, 461 P.2d 628].) In this case, appellant, by agreeing to submit to search as a condition of his probation, had reduced his expectations of privacy. (*People* v. *Constancio, supra,* 42 Cal.App.3d 533.) The entry of the officers by means of the ruse was not forcible and would not have been likely to produce violent resistance. (Cf. *People* v. *Ramirez, supra,* 4 Cal.App.3d 154.) Thus, it appears that the officers' entry into appellant's apartment did not subvert the policies set forth in *Duke.*

The order is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied June 2, 1976, and appellant's petition for a hearing by the Supreme Court was denied July 1, 1976.