**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gandelia M. CORDOVA,**
**Defendant-Appellant.**

**No. 80–1788.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1981.

Decided July 6, 1981.

Rehearing and Rehearing En Banc
Denied Aug. 25, 1981.

Sheldon Sherman, San Diego, Cal., for defendant-appellant.

Bruce R. Castetter, Asst. U. S. Atty., argued, M. James Lorenz, U. S. Atty., Bruce R. Castetter, Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before BROWNING, Chief Judge, FERGUSON, Circuit Judge, and QUACKENBUSH,* District Judge.

PER CURIAM:

Cordova was convicted in the Superior Court of the State of California for possession of heroin and placed on three years' probation with the condition that she "submit her person, property, place of residence or abode, vehicle, personal effects to search at any time, with or without a search warrant, by the probation officer or any law enforcement officer." During the probationary period agents of the San Diego Integrated Narcotics Task Force arrested Cordova and searched her residence without a warrant with the assistance of federal agents from the Drug Enforcement Administration. They found heroin.

Cordova was indicted for heroin possession and tried in the United States District Court for the Southern District of California. She moved to suppress statements made and evidence seized during the probation search of her residence. The district court denied her motion and Cordova appeals.

In *United States v. Consuelo-Gonzalez,* 521 F.2d 259 (9th Cir. 1975) (en banc), we held that a search conducted by federal and local law enforcement officers pursuant to a condition of probation imposed under the Federal Probation Act, 18 U.S.C. §§ 3651–3656, was invalid because the federal Act required that probation searches be conducted by or under the immediate and personal supervision of a probation officer. 521 F.2d at 266. Cordova argues that because the search of her home was not conducted under the supervision of a probation officer, as required by the Federal Probation Act as construed in *Consuelo-Gonzalez,* the evidence should not have been admitted in federal court.

The Federal Probation Act is irrelevant to the search of Cordova's residence. The probation condition underlying the search was imposed by a California court and was valid under California law. The California Supreme Court has held that under the California probation statute a probationer may be required to submit to search "by the Probation Officer *or any law enforcement officer.*" *People v. Mason,* 5 Cal.3d 759, 762, 766, 488 P.2d 630, 97 Cal.Rptr. 302 (1971) (emphasis added). The admissibility in federal court of evidence seized by state officers is governed by state standards of admissibility, subject to limitations imposed by the federal Constitution. *United States v. Fisch,* 474 F.2d 1071, 1075 (9th Cir. 1973). Under state standards the evidence was admissible.

Cordova relies upon the holding in *United States v. Sotomayor,* 592 F.2d 1219, 1223–27 (2d Cir. 1979) that the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510–2520, controls the admissibility in

* Honorable Justin L. Quackenbush, District Judge, United States District Court for the Eastern District of Washington, sitting by designation.

federal court of evidence seized by state officers pursuant to a state-authorized wiretap. This federal statute, however, expressly applies to wiretaps authorized by state courts and conducted by state officers. 18 U.S.C. §§ 2510(3), (6), (7), and (9); 2511(2)(a)(ii); 2515; 2516(2); 2518(7); and 2519(2). *See United States v. Sotomayor*, 592 F.2d at 1225 n.13. The Federal Probation Act applies only to probation imposed by federal courts. 18 U.S.C. § 3651.

Cordova does not challenge the constitutionality of the search under the Fourth Amendment of the United States Constitution. We therefore do not consider that issue.

AFFIRMED.

JUSTIN L. QUACKENBUSH, District Judge, sitting by designation, concurring in part and dissenting in part:

I agree that the Federal Probation Act is irrelevant to the search of Cordova's residence. However, I dissent in disposing of this matter solely on that basis.

The state court condition of probation, in effect, furnished every law enforcement officer a key to Mrs. Cordova's front door. The questionable condition allows *any* law enforcement officer or probation officer "the right to search Cordova's person, property, place of residence or abode, vehicle, personal effects—*at any time*, with or without a search warrant," regardless of probable or even some reasonable cause. (Emphasis supplied). Admittedly, and for some unexplained reason, Cordova did not raise the obvious Fourth Amendment issue in district court or in her brief to this court. The government, however, recognized the issue and dealt with the constitutional questions at pp. 10–12 of its brief. Since I feel that the Fourth Amendment issues should be addressed by this court, I would direct that supplemental briefs be filed and argument heard on this question. I would also allow the State of California to file an amicus brief pursuant to Rule 29 of the Fed.R.App.P. Such a procedure would likewise avoid a subsequent habeas corpus proceeding pursuant to 28 U.S.C. § 2255.

The probation system legitimately imposes restriction upon the probationer in order to insure his rehabilitation and also to deter and inhibit further criminal conduct. *Latta v. Fitzharris*, 521 F.2d 246, 249 (9th Cir. 1975). However, to withstand constitutional challenge, such restrictions must not be overly broad or unreasonable. Despite her conviction, Cordova, having been placed on probation was entitled to enjoy a significant degree of privacy. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 264 (9th Cir. 1975). The California Supreme Court decision of *People v. Mason*, 5 Cal.3d 759, 762, 766, 488 P.2d 630, 97 Cal.Rptr. 302 (1971), cited by the majority, was decided upon the "contractual" theory, to-wit: the probationer had the choice of accepting the complete waiver of his Fourth Amendment rights or rejecting probation and serving the sentence. The United States Supreme Court has since limited the advance waiver theory in an administrative matter, *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). This court has specifically rejected the contractual philosophy of the California court. In *United States v. Pierce*, 561 F.2d 735, 739 (9th Cir. 1977), this court stated:

> "However in *United States v. Consuelo-Gonzalez*, 521 F.2d 259 (9th Cir. 1975) (en banc) we rejected the theory that a probationer voluntarily waives his rights by failing at the sentencing proceeding to object properly to the conditions imposed."

While the Fourth Amendment decision should await supplemental briefs and argument, the blanket waiver required of Cordova of her right to be secure in her home against unreasonable searches and seizures raises serious constitutional implications. A basic principle of the Fourth Amendment is that searches and seizures inside a home without a warrant are presumptively unreasonable. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The United States Supreme Court has recently decided two cases which have

reinforced the sanctity of one's privacy in his or her home. In *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1979), the court ruled that the adoption of the Fourth Amendment was motivated by the indiscriminate searches and seizures conducted in England and the colonies under the authority of "general warrants". The *Payton* court further established that the evil the Fourth Amendment was designed to prevent was broader than the abuse of the general warrant. The blanket Fourth Amendment waiver imposed upon Cordova would seem to me to be as objectionable as the general warrant which could be exercised strictly at the constable's discretion.

The United States Supreme Court further reinforced the bulkhead against the constable's unreasonable entry into one's home in *Steagald v. United States*, ── U.S. ──, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), wherein the court established that the Fourth Amendment prohibited a police entry into a third party's home without a search warrant even though the police held an arrest warrant for an individual believed to be hiding therein.

It is undisputed that some *reasonable* restrictions may be properly imposed upon a probationer's liberty. Similarly the probable cause necessary to obtain a search warrant for a convicted drug dealer's home may possibly be based upon a lesser quantum of evidence than that required for the search of the home of one not so convicted. The search of the home of a probationer without a search warrant might be properly based upon probationary terms limiting such a search to *reasonable* times and based upon *reasonable* cause. Since I feel that the blanket waiver in this case may be overly broad and unreasonable, I respectfully dissent and would order supplemental briefs and argument on the Fourth Amendment question.