**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert S. JOHNSON,
Defendant-Appellant.**

**No. 83–1072.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 14, 1983.

Decided Dec. 21, 1983.

Brian Leighton, Fresno, Cal., for plaintiff-appellee.

Edward P. Moffat, Fresno, Cal., for defendant-appellant.

Before WALLACE, SCHROEDER and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Robert S. Johnson appeals from his misdemeanor conviction of possession of methamphetamine in violation of 21 U.S.C. § 844(a). He argues that the warrantless search of his house was unlawful despite the condition of his state probation that he submit to a search upon any reasonable request of a law enforcement officer, and that the evidence obtained from the search should have been suppressed. We agree that the search of Johnson's home following the arrest of his roommate pursuant to an arrest warrant was unreasonable and that the evidence obtained should be suppressed.

On June 11, 1982, Johnson was sentenced in the Fresno County Municipal Court following his conviction for a state criminal offense. Johnson was placed on two years' bench probation subject to the conditions that he obey all laws and that "[d]uring the term of probation, he ... subject himself ..., his possessions and his residence to search and seizure upon any reasonable request of a law enforcement officer." The judge also ordered Johnson to disassociate himself from his roommate, Bennett Brewer, within three weeks.

On June 22, 1982, eleven days later, a federal Drug Enforcement Administration agent and state and local drug enforcement agents went to Johnson's and Brewer's house to execute a federal arrest warrant issued on June 16, 1982 for Bennett Brewer. The agents had no search warrant or arrest warrant for Johnson. They had no knowledge that Johnson was involved in illegal activity or that there were drugs in the house. However, they testified that they knew of Johnson's probation search condition and planned to search the house pursuant to that condition.

At Johnson's house, the agents knocked and announced themselves. After knocking a second time, the agents forced the door open once aware they had been seen, and arrested Brewer in the hall. Shortly thereafter the agents observed Johnson in his back bedroom. The agents informed Johnson that they were going to search his house because of his probation condition; Johnson did not consent to the search. The agents discovered methamphetamine in a box on the headboard of Johnson's bed and in a bag on his coat rack.

Johnson was arraigned on an indictment charging him with possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Johnson moved to suppress the evidence seized during the June 22 search; the district court denied the motion, finding that the search was valid. After a stipulated facts trial, the district court found Johnson guilty of the lesser offense of possession of a controlled substance in violation of 21 U.S.C. § 844(a). Johnson filed a timely notice of appeal.

On appeal, Johnson contends that the evidence used against him was seized in an illegal search in violation of his fourth amendment rights and that the district court erred in denying his suppression motion. In support of his argument, he points out that the agents had no warrant to search his house and that he did not consent to the search.

■ We note at the outset that the warrantless search of Johnson's bedroom exceeded the limits of a reasonable search incident to the arrest of his roommate. A valid search incident to arrest must be limited to areas within the immediate control of the person arrested, meaning "the area from within which [the arrestee] might gain possession of a weapon or destructible evidence." *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). The government attempts to justify the search on the basis of Johnson's probation condition which required him to submit to search upon any reasonable request of a law enforcement officer. John-

son, however, argues that the search and seizure condition authorized only reasonable searches and that the search of his home on June 22 was unreasonable. This argument leads us into two independent inquiries. First, we look to whether the search condition itself was valid under California law. Second, we examine whether under the circumstances of this case the search condition was correctly applied.

■ The validity of Johnson's state probation condition is governed by California law. *United States v. Cordova,* 650 F.2d 189 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). The California Penal Code authorizes the court to impose any "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done . . . and generally and specifically for the reformation and rehabilitation of the probationer." Cal.Penal Code § 1203.1 (West 1983). The California Supreme Court has found a probation search condition similar to Johnson's to be valid. *People v. Mason,* 5 Cal.3d 759, 762, 766, 97 Cal.Rptr. 302, 488 P.2d 630 (1971), *cert. denied,* 405 U.S. 1016, 92 S.Ct. 1289, 31 L.Ed.2d 478 (1972). *See Cordova,* 650 F.2d at 190.

■ Even when the search condition is valid, there are still limitations on both probation and peace officers in making warrantless searches. "The rule is that there must be some conduct reasonably suggestive of criminal activity to 'trigger' the search." *People v. Guerrero,* 85 Cal.App.3d 572, 581, 149 Cal.Rptr. 555 (1978). The court further explained that to justify a search,

> there must be a reasonable cause which may be less than the grounds for an arrest or search warrant . . . ; and such a search may not be for purposes of harassment or merely because the suspect happens to be a probationer or parolee, . . .

*Id.* at 582, 149 Cal.Rptr. at 560. Reasonable cause in the context of a probation consent-to-search clause has been held to refer only to "circumstances indicating that in connection with effective probation supervision a

search is advisable." *Id.* (citing *People v. Kasinger,* 57 Cal.App.3d 975, 978, 129 Cal. Rptr. 483, 485 (1976)).

In the instant case, we find no indication in the record that the search was related to the interests of effective probation supervision. The agents had no reason to suspect that Johnson possessed illegal drugs or was involved in any other misconduct. Johnson had committed no act to trigger the search. The officers' justification for the search was that they were already present at Johnson's house for the purpose of executing an arrest warrant for Johnson's roommate, Brewer. Courts have condemned the practice of using one person's search condition as a pretext for conducting a general search unrelated to the acts of the probationer. *See Latta v. Fitzharris,* 521 F.2d 246, 247 (9th Cir.) (en banc), *cert. denied,* 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975); *United States v. Hallman,* 365 F.2d 289, 292 (3d Cir.1966); *People v. Pipitone,* 86 Cal.App.3d 681, 152 Cal.Rptr. 1 (1978). *See also Steagald v. United States,* 451 U.S. 204, 216, 101 S.Ct. 1642, 1649, 68 L.Ed.2d 38 (1981). Such a search is unreasonable and cannot be justified by reference to the search condition.

This search was also unreasonable in relation to the other conditions of Johnson's probation. Johnson was required to disassociate himself from Brewer within three weeks. However, the search, based merely on Johnson's association with Brewer, took place only eleven days after that condition was imposed, before it even had taken effect, and thus frustrated the rehabilitative object of the condition. The agents did not inform the judge who imposed the search condition of their intent to search Johnson's house. Thus, they could not reasonably have believed that such a search was a necessary part of Johnson's probation enforcement rather than simply a law enforcement measure. *See Latta,* 521 F.2d at 250, 251–52; *United States v. Consuelo-Gonzalez,* 521 F.2d 259, 266 (9th Cir.1975) (en banc). *Cf. In re Martinez,* 1 Cal.3d 641 at 647 n. 6, 83 Cal.Rptr. 382 at 386 n. 6, 463 P.2d 734 at 738 n. 6.

We conclude that the search was unreasonable and that the defendant's motion to suppress the evidence secured as a result of the search should have been granted.

REVERSED.