1 F.3d 1250
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert T. WILKERSON, Petitioner-Appellant,
v.
Stephen KAISER, Respondent-Appellee.
 No. 93-6106.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Wilkerson, a state prisoner and pro se litigant, appeals the denial of habeas relief. We exercise jurisdiction and affirm.
 
 
 3
 Mr. Wilkerson was tried by a jury and convicted for the crime of Robbery With Firearms After Former Conviction of a Felony and was sentenced to forty years. Mr. Wilkerson had previously pled guilty to two prior felonies which were used to enhance his present sentence.
 
 
 4
 Mr. Wilkerson's sole claim for relief is that his present sentence was enhanced by two prior unconstitutional convictions. Although he entered guilty pleas to the previous charges, he argues the convictions are invalid as the court records failed to show he was advised of his right to appeal.
 
 
 5
 We first note the court records do in fact indicate Mr. Wilkerson had been advised of his right to appeal at state expense. Similarly, the state court specifically found that Mr. Wilkerson "was advised of all his constitutional rights ... together with his right to appeal in both cases, with the right to an attorney ... at the expense of the State." Moreover, the federal district court found the facts failed to support Mr. Wilkerson's argument and dismissed.
 
 
 6
 In his appeal to this court, Mr. Wilkerson basically ignores the record reflecting his own signature acknowledging that he was aware of his right to appeal and the state court's similar findings and continues to assert he was not so advised. This court is not free to ignore the record on appeal or the specific factual findings of the state court. Mr. Wilkerson's factual assertions have been previously adversely resolved and are sufficiently documented in the record.
 
 
 7
 Moreover, "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir.1989). The duty only attaches when a claim of error is made on constitutional grounds, or when the defendant inquires about an appeal right. Id. Neither of these conditions applies to Mr. Wilkerson's case.
 
 
 8
 Furthermore, Mr. Wilkerson has also failed to show he was in any way prejudiced by the alleged failure to notify him of his right to appeal. See Marrow v. United States, 722 F.2d 525, 529 (9th Cir.1983).
 
 
 9
 The judgment denying habeas relief is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3