Filed 8/26/14  P. v. Jefferies-Echols CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C071470 |
| Plaintiff and Respondent, | (Super. Ct. No. 62111466) |
| v. | |
| JENNIFER LORRAYNE JEFFERIES-ECHOLS, | |
| Defendant and Appellant. | |

Defendant Jennifer Lorrayne Jefferies-Echols entered a plea of no contest to receiving aid by misrepresentation.  (Welf. & Inst. Code, § 10980, subd. (c)(2).)  The trial court granted her three years of formal probation subject to certain terms and conditions with which she agreed to comply, including that she submit to random warrantless searches and seizures.  On appeal, she contends imposition of the search condition was an abuse of the court's discretion.  We affirm the judgment.

1

FACTS AND PROCEEDINGS

This summary of facts is taken from the stated factual basis for defendant's plea as agreed upon by the parties:

"[D]efendant applied for and received aid and intentionally falsified paperwork and failed to report . . . income from unemployment insurance benefits," resulting in an overpayment of benefits to defendant in the amount of $16,222.

Defendant was charged with perjury by false application for aid (Pen. Code, § 118—count one) and receiving aid by misrepresentation (Welf. & Inst. Code, § 10980, subd. (c)(2)—count two), both felonies. At the time defendant entered her no contest plea to count two, defense counsel objected to the probation condition requiring her to "[s]ubmit person, place of residence, vehicle or area over which [defendant] has control to search and seizure at any time, day or night, with or without a search warrant, and with or without probable cause, by the probation officer or any peace officer for the purpose of determining compliance with conditions of release or probation."

Defense counsel objected to the search and seizure condition as not reasonably related to defendant's crime, and argued that "this is not the type of theft case where [defendant] took some item and placed it in her – hid it in her jacket and left the store or something like that. This is where she failed to report something." Counsel further argued that because defendant would be unable to receive welfare in the future, "it is very unlikely that she would ever . . . be able to commit this same crime. And even if she did, search and seizure is still not something that is going to help law enforcement determine that she is committing a crime like this."

The prosecution argued it was possible defendant could, at some point, become re-eligible to receive aid. However, even if defendant were personally prohibited from doing so, she could still receive benefits on behalf of dependents, in which case a search

2

of her home would be appropriate to determine whether she was fully and accurately reporting information to obtain aid.

The trial court imposed the probation condition, concluding that, while search and seizure "is not always appropriate . . . it is certainly appropriate in this case."

DISCUSSION

Defendant contends the probation condition requiring that she submit to warrantless search and seizure is unreasonable and invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and its progeny, thus violating her right to due process and to be free from unreasonable search and seizure under the state and federal Constitutions.

We review conditions of probation for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) " '[A] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' [Citations.]" (*Id.* at p. 384.) "On the other hand, we have observed that probation is a privilege and not a right, and that adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights—as, for example, when they agree to warrantless search conditions." (*Ibid.*)

A probation condition will not be invalidated unless it (1) has no relationship to the defendant's crime, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*Lent, supra,* 15 Cal.3d at p. 486, superseded on another ground as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290-295.) The test is conjunctive; all three prongs must be satisfied before a reviewing court will invalidate a probation condition. (*Lent, supra,* at p. 486, fn. 1; *Olguin, supra,* 45 Cal.4th at p. 379.)

The trial court did not abuse its discretion here. Defendant pleaded no contest to "willfully and knowingly, with the intent to deceive, by means of false statement or

3

representation . . . obtained . . . aid . . . for . . . herself or for a child not in fact entitled thereto." (Welf. & Inst. Code, § 10980, subd. (c).) Contrary to defense counsel's somewhat watered down characterization at sentencing that defendant simply "failed to report something," and defendant's characterization here on appeal that she "underreport[ed] income on a form," the agreed upon factual basis for defendant's plea provided that she "intentionally falsified paperwork" in an effort to obtain a significant benefit to which she was not entitled. Under that circumstance, assuming defendant may once again be eligible to receive welfare assistance, whether for herself or for a family member, an unannounced search and possible seizure of documents would most certainly serve to determine whether information submitted by her in an attempt to obtain that assistance (e.g., income, number of persons living in her household, number of dependents) has in fact been fully and accurately reported.

Defendant argues a search and seizure condition for that purpose would be completely unnecessary, positing that any possible scheme to perpetrate another similar welfare fraud "would not survive routine screening by welfare eligibility workers." We are not persuaded, particularly when a so-called "routine screening" could potentially consist of little more than a review of documentation provided by defendant.

In any event, "[t]here is no requirement that a search pursuant to a probation condition be founded on indications that the probationer 'has resumed the very type of misconduct for which [s]he was placed on probation.' " (*People v. Kasinger* (1976) 57 Cal.App.3d 975, 978, quoting *People v. Constancio* (1974) 42 Cal.App.3d 533, 539.) Even assuming defendant is never again eligible for welfare assistance, it is possible she will be eligible for financial aid from any number of other sources which would require her to provide full and accurate information regarding factors critical to determine what amount of aid, if any, to be disbursed. In other words, the future criminality sought to be curtailed is not simply welfare fraud, but fraud in general.

4

Defendant claims there is " 'no reasonable basis for sustaining the [search and seizure] condition' " because it bears no reasonable nexus to present or future criminality. (*People v. Brandao* (2012) 210 Cal.App.4th 568, 574.)  We disagree.  Theft perpetrated by fraud is arguably more easily concealed, and perhaps more sophisticated, than common thievery.  The fraud is revealed by comparing information provided by the perpetrator which at face value appears accurate (e.g., his assets are minimal and he has three children) to whatever true facts can be discovered (e.g., he owns two sports cars, a yacht, and an extensive art collection and has only one child).  Here, defendant did not simply neglect to report a small amount on a single form; she intentionally falsified paperwork and failed to report her income from unemployment insurance benefits, concealing her fraud on the welfare system for nearly 17 months and netting over $16,000 in the process.  While there is nothing in the record to shed light on defendant's past history, the circumstances of the current offense reveal a sophistication on the part of defendant to perpetrate more than a casual fraud.  The search and seizure condition is reasonably related to curtailing future fraudulent behavior.

There was no abuse of discretion.

DISPOSITION

The judgment is affirmed.


       HULL       , Acting P. J.


We concur:


    ROBIE    , J.


    DUARTE    , J.