[No. F004009. Fifth Dist. Mar. 28, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL SMITH, Defendant and Appellant.

**COUNSEL**

Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointment by the Court of Appeal, and Julia Cline Newcomb, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jane N. Kirkland, Edmund D. McMurray and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—In Kern County Superior Court action No. 23158, appellant was convicted after jury trial of forcible rape and being an ex-felon in the possession of a firearm. A jury found that appellant had used a firearm in the commission of the rape. In Kern County Superior Court action No. 23290, consolidated for trial with action No. 23158, appellant was convicted of a separate count of being an ex-felon in possession of a firearm. Appellant admitted having served two prior prison terms. The trial court sentenced appellant to prison for the eight-year upper base term plus the two-year gun use enhancement on the rape and for the three-year upper base term on each firearm possession charge. The trial court stayed the sentence on the first firearm count and ordered that the sentence on the second firearm

---

\*Before Franson, Acting P. J., Hamlin, J., and Vander Wall, J.†

†Assigned by the Chairperson of the Judicial Council.

count run consecutively with the term for the rape. The trial court also imposed a one-year additional term for each prior prison term enhancement.

On appellant's first appeal (F001068), this court affirmed appellant's convictions but ordered resentencing because the trial court had failed to state reasons for consecutive terms.[1] On March 1, 1984, appellant appeared before the trial court, which appointed counsel and conducted a brief hearing limited to a statement of reasons for consecutive terms. Acting without a new probation officer's report (RPO), the trial court did not state its other sentence choices with supporting reasons, did not reimpose the gun use or prior prison term enhancements, and did not orally pronounce judgment. On this, his second appeal, appellant contends that the trial court failed 1) to resentence him as required by this court's original opinion; 2) to order a new RPO before the hearing; and 3) to appoint counsel in a timely manner. For reasons to be stated, we will agree that the matter must be re-remanded for resentencing.

At the original sentencing hearing on April 22, 1982, the trial court sentenced appellant as follows: "I have read and reviewed the recommendation of the probation department including the supplemental report that was filed earlier this week, and in Case 23158, in regard to Count 1, at this time I'm going to deny the defendant's request for probation and sentence him to the Department of Corrections for the upper term of eight years, finding that there are circumstances in aggravation, namely, the crime involved premeditation; that the defendant's prior record is extensive and of constant seriousness; his past and present behavior has indicated that he is a violent individual and a danger to the citizens of the State of California; that he has served two prior prison terms; that he was on probation at the time of the commission of the offenses; that his prior performance on probation and parole has been unsatisfactory; that eight-year sentence will be enhanced within the meaning of 12022.5 of the Penal Code for two years, the jury having found that he was armed with a weapon, and also it will be enhanced for an additional two years under Section 667.5(c) [*sic*] of the Penal Code because of the prior felony convictions, and that will be a total of 12 years on Count 1.

"He is entitled to credit for time served in the amount of 226 days credit.

"With regard to Count 3 of Case No. 23158, the defendant's request for probation will be denied. He will be sentenced to the Department of Corrections for three years; that sentence will be stayed until he has successfully completed sentence in Count 1.

---

[1]We take judicial notice of the record on appeal in F001068. (Evid. Code, §§ 452, 459.)

"In Case No. 23290, the defendant's request for probation will be denied, and he will be sentenced to the Department of Corrections for a period of three years. We will sentence him to the Department of Corrections for the upper term of three years, however, all but two-thirds of the middle term will be suspended, and that sentence is to run consecutive with the 12 years that I have just given him in Case 23158. That will be a total of 12 years and 8 months and I find that the reason for the upper term in that case also is the same terms in aggravation [*sic*] that were expressed in the prior case."

In our first opinion dated September 16, 1983, we stated: "The trial judge failed to state any reasons for imposing consecutive terms in this case. Appellant alleges this was error and respondent agrees. Imposition of a consecutive sentence is a sentence choice for which reasons must be given. (Pen. Code, § 1170, subd. (c); Cal. Rules of Court, rule 433; *People* v. *Bejarano* (1981) 114 Cal.App.3d 693 [173 Cal.Rptr. 71].) [¶] The judgment is affirmed. The matter is remanded for resentencing."

A review of the records in appellant's former and present appeals shows that the trial court in fact made two other errors at the original sentencing. First, the trial court used appellant's two prior prison terms for aggravation and enhancement purposes in violation of Penal Code section 1170, subdivision (b)'s dual use of facts bar. Second, the trial court imposed two prior prison term enhancements when, in fact, appellant had served only one prior separate prison term within the meaning of Penal Code section 667.5. Appellant's appointed appellate counsel raised and this court considered neither point on the first appeal. Appellant now brings these matters to our attention for the first time.

At the March 1, 1984, hearing, after briefly recapping the procedural history of the case, the trial court stated: "Case No. 23158 was a conviction of a sex offense which [*sic*] alleged to have occurred approximately two weeks prior, as I recall, to the allegation of the weapon allegation in Case No. 23290, so for the record at this time, I'm not going to change my sentence at this time. The reasons that I will state for the record that I'm imposing the sentence in Case No. 23290 consecutive to the sentence imposed in Counts 1 and 3 in Case No. 23158 was because the crimes were committed at different times and different places, and they were not in any way closely connected as to place and time to indicate a single period of aberrant behavior, and that's the reason they are running consecutive."

We turn to appellant's contentions.

*Failure to Resentence*

██ That the trial court did not resentence appellant on March 1, 1984, is self-evident. Respondent argues, however, that our original disposition

required only that the trial court "reconsider its imposition of consecutive sentences," that the trial court's only error at the first sentencing hearing was its failure to state reasons for consecutive terms, and that the trial court corrected this error on March 1, 1984. We agree that the trial court's failure to state reasons for consecutive terms was the reason for our remand. We do not agree, however, that our remand was limited as respondent suggests or that the March 1, 1984, proceedings cured any problem.

First, we note that our disposition, by its very terms, ordered that "The matter is remanded for resentencing." Nothing in this dispositional language limited the remand to a mere statement of reasons for consecutive terms. Second, the nature of the original error itself required the complete resentencing which we ordered. The requirement of a statement of reasons for consecutive terms serves multiple purposes: it permits meaningful appellate review of the sentence choice of consecutive terms; it promotes uniformity of sentencing; and where, as here, the trial court imposes both an aggravated term and consecutive terms, it permits meaningful appellate review of whether the trial court erroneously used the same fact(s) for aggravation and enhancement purposes. Thus, where the trial court imposes an aggravated term and a consecutive term, the failure to state reasons infects the entire sentence, not only the consecutive terms. It follows that such an error requires a full resentencing. Moreover, in many cases, a full remand permits the trial court to reallocate aggravating and mitigating factors, bearing in mind the dual use bar. A limited remand effectively would lock the trial court into its previous allocation of factors.

We hold that the trial court erred in failing to resentence appellant on all counts and enhancements.

*Failure to Order a New RPO*

■ The trial court did not order or consider a new RPO before the March 1, 1984, proceedings. Respondent argues at length that no new RPO was required, because of the limited nature of the remand, appellant's statutory ineligibility for probation, the limited nature of the original error, and the aggravated nature of appellant's crimes. We do not agree.

Preliminarily, as explained above, the remand was not limited as respondent suggests but instead extended to a full resentencing. Also, though appellant's appointed appellate counsel on his first appeal raised only the failure to state reasons, we have noted above that the trial court committed two other sentencing errors as well at the original sentencing. A new RPO might have helped the trial court spot and correct these errors on the first remand.

That appellant was statutorily ineligible for probation did not obviate the need for a new RPO. In *People* v. *Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21], we reviewed this issue at length and concluded: "Even for a defendant who remains completely and unalterably ineligible for probation, the statutory and policy justifications identified by *People* v. *Rojas, supra,* 57 Cal.2d [676] at pages 682-683 [21 Cal.Rptr. 564, 371 P.2d 300], for requiring a current probation report on resentencing are even more meaningful in the postdeterminate sentencing era with regard to the myriad decisions a trial court must make regarding the length of such a defendant's term of imprisonment. Consequently we hold that upon remand for resentencing, even when the defendant is ineligible for probation, if the resentencing court has discretion to alter the length of the defendant's imprisonment, it must obtain a new, updated probation report, including information regarding the defendant's behavior while incarcerated during the pendency of any appeal, before proceeding with the resentencing." (*Id.,* at pp. 6-7.)

We find no meaningful distinction between the instant case and *Brady*. The trial court should have ordered and considered a new RPO before resentencing appellant.

*Failure to Timely Appoint Counsel*

The March 1, 1984, proceedings began with this colloquy:

"THE COURT: This is Case No. 23158, the People of the State of California versus Daniel Smith.

"Let the record show that the defendant is present without counsel; the People are represented by Mr. Cox.

"Mr. Smith, you had a lawyer at the time of trial by the name of James Anthony who is now a member of the Public Defender's staff, and that office was disqualified in this case because of some conflict, so if you have no objection, at this time I would like to appoint Ms. Birchfield to represent you for this hearing today. Do you have any objection?

"THE DEFENDANT: No objection.

"THE COURT: We will appoint Ms. Birchfield to represent Mr. Smith at this time."

The trial court then briefly recapped the procedural history and stated its reason for consecutive terms. The trial court did not ask Ms. Birchfield for

comment and Ms. Birchfield offered none. So far as the record shows, Ms. Birchfield did not receive or review the original RPO and had no prior knowledge of the case before her appointment.

That appellant has the right to counsel's effective assistance at sentencing is well established. The procedure followed by the trial court no doubt stemmed from its misapprehension about the narrowly limited scope of the remand. Had the trial court realized that a full resentencing was required, we will not presume it would have proceeded without giving appellant's new counsel the time and materials needed to act as a conscientious diligent advocate at the resentencing hearing. The circumstances of Ms. Birchfield's appointment reinforce our conclusion, explained below, that resentencing must occur.

*Prior Prison Term Enhancements*

■ As noted above, the trial court originally imposed two prior prison term enhancements. However, as appellant argues and respondent concedes, appellant did not serve two separate prior prison terms within the meaning of Penal Code section 667.5, subdivision (g). While serving a 1961 robbery sentence, in 1968 appellant was convicted and sentenced consecutively for an in-prison felony. For purposes of section 667.5, appellant served only one prior prison term. Thus, the trial court erred in imposing two prior prison term enhancements at appellant's original sentencing.

*Dual Use of Facts*

■ At the original sentencing, the trial court considered appellant's prior prison term(s) as an aggravating factor and imposed enhancements therefor. This violated Penal Code section 1170, subdivision (b)'s dual use of facts bar.

*Remedy*

■ The reason stated by the trial court on March 1, 1984, for consecutive terms was a valid one and was available because it had not been used earlier to justify the upper base terms on any count. This court could order the original judgment modified to reflect only one prior prison term enhancement.[2] Though a dual use occurred at the original sentencing, the remaining aggravating factors appear valid. With matters in this posture, is a new resentencing required? We will hold that it is.

---

[2]Whether this issue is before us on appeal from the March 1, 1984, proceeding at which the judge said nothing about the subject enhancements is a nice question. Assuming it is not, we would construe appellant's opening brief as a petition for writ of habeas corpus.

While authority exists that certain sentencing errors do not require resentencing where a more favorable result is not reasonably probable, we are aware of no authority which permits a harmless error approach where, as here, the trial court fails to resentence the defendant pursuant to directions from an appellate court. Further, since this court's remand for resentencing vacated the original judgment (sentence) and the trial court did not orally pronounce judgment on March 1, 1984, the net result is that no judgment (sentence) presently exists. Judgment must be pronounced orally and appellant, of course, is entitled to be present at this critical stage. (See *People v. Arbee* (1983) 143 Cal.App.3d 351, 355-356 [192 Cal.Rptr. 13].) Moreover, aside from the need for a new oral pronouncement of judgment, basic fairness requires that resentencing occur since the trial court acted on March 1, 1984, without a current RPO and appellant's newly appointed counsel did not receive the time and materials required to represent her client at this critical phase of the proceedings.

The judgments of conviction are affirmed in Kern County Superior Court action Nos. 23158 and 23292. Both matters are remanded for resentencing after preparation of a current probation officer's report. The trial court is directed to impose no more than one enhancement for appellant's prior prison term. After resentencing, the trial court shall prepare an amended abstract of judgment which reflects the sentence imposed and furnish a certified copy of same to the appropriate authorities.