Filed 5/10/16  P. v. Williams CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>LAWRENCE DEE WILLIAMS,<br><br>     Defendant and Appellant. | F069877<br><br>(Fresno Super. Ct. No. F11906697)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Susan P. Stone, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, for Plaintiff and Respondent.

-ooOoo-

---

\*     Before Levy, Acting P.J., Franson, J. and Peña, J.

Defendant Lawrence Dee Williams was convicted by jury trial of failure to register a residence (Pen. Code, § 290.011, subd. (b)).[1]  The trial court found true allegations that defendant had suffered three strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)(1)) and had served five prior prison terms (§ 667.5, subd. (b)).  The court sentenced defendant to 25 years to life, plus five years for the five prior prison terms.  On appeal, he contends the trial court erred in imposing five prior prison term enhancements because two of them did not constitute separate prison terms.  The People concede and we agree.

Under section 667.5, subdivision (b), subject to certain additional qualifications that are not at issue here, a prior prison term enhancement can be imposed "for each prior *separate* prison term …."  (Italics added.)  Two or more concurrent prison terms are not "separate" prison terms for this purpose.  (§ 667.5, subd. (g); *People v. Burke* (1980) 102 Cal.App.3d 932, 944.)

According to defendant's section 969b packet, defendant began serving a prison term in Madera County case No. 4962 on July 24, 1981.  Two months later, he was sentenced to prison in Merced County case No. 10399.  Because he had not completed his prison term in Madera County case No. 4962 at the time he received his commitment in Merced County case No. 10399, the prison terms are not considered separate within the meaning of section 667.5, subdivision (b).  (See *People v. Jones* (1998) 63 Cal.App.4th 744, 746-750; *People v. Cardenas* (1987) 192 Cal.App.3d 51, 56; *People v. Burke, supra,* 102 Cal.App.3d at pp. 942-944.)  Accordingly, the trial court erred.

## DISPOSITION

The true finding on the section 667.5, subdivision (b) allegation based on the Merced County case No. 10399 is vacated and the one-year enhancement resulting from that finding is stricken.  As so modified, the judgment is affirmed.  The trial court is

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

instructed to amend the abstract and forward a certified copy to the Department of Corrections and Rehabilitation.