[No. B004780. Second Dist., Div. One. Jan. 22, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
FREDIS HUMBERTO LOPEZ, Defendant and Respondent.

## COUNSEL

Robert H. Philibosian and Ira Reiner, District Attorneys, Donald J. Kaplan, Arnold T. Guminski and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, William Klump and Albert J. Menaster, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**DALSIMER, J.**—Defendant was convicted by plea of first degree burglary committed on December 23, 1983. He also admitted having suffered two prior felony convictions.

The People appeal from the order striking from the felony complaint allegations that defendant, Fredis Lopez, suffered two prior burglary convictions which were "serious felonies . . . within the meaning of Penal Code Section 667(a)" and that he served a separate term in state prison for each of those convictions. ■ Such an order is appealable under Penal Code

section 1238, subdivision (a)(1) or (a)(6).[1] (*People* v. *Burke* (1956) 47 Cal.2d 45, 53-54 [301 P.2d 241], overruled on another point in *People* v. *Sidener* (1962) 58 Cal.2d 645 [25 Cal.Rptr. 697, 375 P.2d 641], cert. den. and app. dism. (1963) 374 U.S. 494 [10 L.Ed.2d 1048, 83 S.Ct. 1912], overruled in *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993].)

The People contend that the order is invalid because it is the result of a plea bargain within the meaning of Penal Code section 1192.7 and because the court had no discretion to strike the priors. Alternatively, they contend that the order failed to comply with the statutory requirement that the reasons for dismissal be expressly stated (Pen. Code, § 1385) and that it was an abuse of discretion. We do not reach these contentions.

Defendant admitted the validity of the two prior convictions after having been informed that they were "serious felonies, within the meaning of Penal Code section 667a." ■ *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] taught that it cannot be presumed from a silent record that a guilty plea was voluntarily made. (*Id.,* at pp. 242-244 [23 L.Ed.2d at pp. 279-280].) As the court said in *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561], an accused is entitled to the " 'utmost solicitude' " of the court to assure that he has a full understanding of any constitutional rights that he is waiving. (*Id.,* at p. 863.) ■ "The burden is on the state as in the case of the trial of other factual matters in issue to prove beyond a reasonable doubt those alleged prior convictions challenged by a defendant. [Citations.] Those procedures by which the imposition of such added penalties is to be fixed are thus protected by specific constitutional provisions and it is such protections which, it is urged, cannot be waived except with knowledge and understanding. The waiver of these constitutional protections has been fairly described as the 'functional equivalent' of the waivers embodied in a plea of guilty to an independent criminal charge. [Citation.] [¶] . . . As an accused is entitled to a trial on the factual issues raised by a denial of the allegation of prior convictions, an admission of the truth of the allegation necessitates a waiver of the same constitutional rights as in the case of a plea of guilty. The lack of advice of the waivers so to be made, insofar as the record fails to demonstrate otherwise, compels a determination that the waiver was not knowingly and intelligently made." (*Id.,* at pp. 862-863.) ■ A fortiori, it must be concluded that an accused

---

[1]Penal Code section 1238, subdivision (a) provides in pertinent part: "(a) An appeal may be taken by the people from any of the following:

"(1) An order setting aside the indictment, information, or complaint.

" . . . . . . . . . . . . . . . . . . . . . . . . . .

"(6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense."

can make no intelligent admission unless he has been fully advised concerning the facts that he is admitting.

■ The allegations in the amendment to the complaint that sought to allege that the priors were residential burglaries read: "It is further alleged that said defendant, FREDIS MUMBERTO [sic] LOPEZ, was on and about the dates set forth below, in the Superior Court of the State of California, for the County of Los Angeles, convicted of serious felonies, as set forth below, within the meaning of Penal Code Section 667(a): [¶] On and about the 31st day of October, 1978, of the crime of BURGLARY, in violation of Section 459 of the Penal Code, (Case #A445070) [¶] On and about the 2nd day of March, 1981, of the crime of BURGLARY, in violation of Section 459 of the Penal Code, (Case #A147070)." An allegation that a defendant suffered a prior serious felony conviction in that he was convicted of burglary is insufficient to allege that the defendant was convicted of "burglary of a residence." (Pen. Code, § 1192.7, subd. (c)(18), § 667.) It was never expressly alleged that the prior burglaries were residential, defendant was never asked to and did not admit that they were residential burglaries, no evidence was adduced to so establish, and the court was not requested to and did not take judicial notice of the superior court files mentioned in the allegations.

Defendant's admission that he suffered two prior burglary convictions was insufficient alone to establish that the prior convictions were for residential burglaries. Defendant was not asked to and did not admit that the prior convictions were for "serious felonies" within the meaning of Penal Code section 667. However, since an accused would most likely consider any felony conviction to be serious, an admission that a defendant has suffered a prior "serious felony" conviction of burglary cannot establish that the conviction was for residential burglary unless the record reflects both that the defendant was told that a prior "serious felony" conviction of burglary means a prior conviction for burglary of a residence and that he was warned of the consequences of such admission. (See Pen. Code, § 667, subds. (a), (d), § 1192.7, subd. (c)(18); *In re Yurko, supra,* 10 Cal.3d 857, 864-865.) The record in the case at bench does not indicate that defendant was so advised. Because of the potential for confusion as to just what a defendant is admitting by stating that he was convicted of a prior burglary conviction which was a "serious felony" under Penal Code section 667, it would be preferable for a defendant to be asked to admit that the prior conviction was for a residential burglary.

Since defendant did not admit and the People did not otherwise prove that the prior convictions were for residential burglaries, the People did not establish that the prior convictions were "serious felonies" within the meaning of Penal Code section 667.

■ Furthermore, although defendant admitted that the prior convictions were valid, he was not asked to and did not admit that he served a separate prison term for either of those prior convictions, and no evidence was introduced to so establish. (See Pen. Code, § 667.5, subd. (b); cf. *People* v. *Welge* (1980) 101 Cal.App.3d 616, 619, 623 [161 Cal.Rptr. 686] [admission of prior convictions *as charged*].) Moreover, unlike the situation in *People* v. *Franco* (1970) 4 Cal.App.3d 535, 539-540 [84 Cal.Rptr. 513], where the defendant was advised prior to admitting the prior conviction that the information charged him both with having suffered a prior conviction and with having served a prior term of incarceration therefor, here the record does not indicate that the amendment to the felony complaint was read to defendant, that he waived a reading thereof, or that he was ever advised that by admitting the validity of the prior convictions he would also be admitting that he served separate prison terms therefor. Thus, his admission that the prior convictions were valid cannot be construed as an admission of the allegations that he served prior, separate prison terms for each of those convictions.

Because defendant did not admit and the People did not otherwise prove that defendant served a separate prison term for either of the prior convictions within the meaning of Penal Code section 667.5, subdivision (b) (see *People* v. *Green* (1982) 134 Cal.App.3d 587, 591-597 [184 Cal.Rptr. 652]) or that the prior convictions were for residential burglaries (Pen. Code, § 667, subds. (a), (d), § 1192.7, subd. (c)(18)), the allegations relating to the prior convictions were properly dismissed. (See *In re Tartar* (1959) 52 Cal.2d 250, 257 [339 P.2d 553].) It is thus unnecessary to determine whether the sentence indicated before the filing of an information was a plea bargain within the meaning of Penal Code section 1192.7, subdivisions (a) and (b) or whether the court would have had discretion under Penal Code section 1385 to strike adequately proven or admitted allegations relating to prior convictions.

The order is affirmed.

Spencer, P. J., and Margolis, J.,* concurred.

A petition for a rehearing was denied February 7, 1985, and appellant's petition for a hearing by the Supreme Court was denied March 21, 1985. Bird, C. J., and Lucas, J., were of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.