Filed 1/8/14  P. v. Awardo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057358 |
| v. | (Super.Ct.No. FSB1200458) |
| CLIFFORD EDMOND AWARDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant Clifford Edmond Awardo guilty of burglary of an inhabited dwelling (Pen. Code,[1] § 459, count 1) and of a misdemeanor violation of a protective order (§ 273.6, subd. (a), count 3), but acquitted him on the charge of making criminal threats (§ 422, count 2). The trial court sentenced defendant on count 1 "to the mid term of 4 years, doubled, pursuant to the defendant's admission of a prior serious or violent felony, for a total of 8" plus an "additional 5 years pursuant to [an] allegation of Penal Code Section 667(a)(1)," and sentenced defendant on count 3 to one year to run concurrently.

Defendant timely and properly appealed.[2] He contends his enhanced sentence must be reversed because he did not expressly admit to having suffered a prior serious or violent felony conviction. Viewing the record in its totality, we conclude defendant's admission did include the fact that his prior conviction constituted a serious or violent felony and, therefore, affirm.

FACTS AND PROCEDURAL BACKGROUND

In the information, the People alleged that, for purposes of section 667, subdivision (a)(1), in June 2004, defendant suffered a prior "serious felony" conviction for assault with a deadly weapon under section 245, subdivision (a)(1), and that the same prior conviction constituted a "serious or violent felony" strike for purposes of sections

[1] All further undesignated statutory references are to the Penal Code.

[2] The People correctly acknowledge that defendant was not required to obtain a certificate of probable cause under section 1237.5 in order to appeal his admission of the prior conviction allegations. (*People v. Maultsby* (2012) 53 Cal.4th 296, 300.)

2

1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i). Finally, the People alleged defendant suffered two prison priors for purposes of section 667.5, subdivision (b).

Before trial, the trial court granted defendant's motion to bifurcate the trial on the prior conviction allegations. Defendant also waived his right to a jury on those allegations and consented to a court trial. In light of the jury's verdicts, defendant decided to waive a court trial on the prior conviction allegations and to admit them as part of a sentencing agreement with the People.

The trial court stated its "understanding" that "in lieu of doing the trial on the priors, counsel has agreed that [defendant] would admit a prior strike and a prior serious felony conviction, which is the same thing, a 667(a) and an 1170.12(a) through (d)," and in exchange "receive the mid term on Count 1, which is the 8 years, doubled, plus 5, for 13." The court then addressed defendant:

"THE COURT: So [defendant], with respect to having a trial on your prior convictions, you already waived your right to a jury trial on that. [¶] You do have a right to a court trial, for me to look at the evidence, hear the testimony and decide whether you've suffered those convictions. [¶] Do you waive and give up your right to that court trial so I can take an admission to a conviction for a 245(a)(1)?

"THE DEFENDANT: Yes.

"THE COURT: Yes?

"THE DEFENDANT: Yes.

3

"THE COURT:  So it's alleged you were convicted of a violation of Penal Code Section 245(a)(1) on or about June 18th, 2004 in Case FSB043053 in San Bernardino County, and that's a serious or violent felony.  [¶]  Do you admit you suffered that prior conviction?

"THE DEFENDANT:  Yes."

Defense counsel expressly joined in the admission.  The court sentenced defendant under the two strikes law and dismissed the section 667.5, subdivision (b) prison prior allegations.

DISCUSSION

Defendant contends he only admitted that he suffered a prior conviction for assault with a deadly weapon but did not additionally admit that the conviction was a serious or violent felony.  We disagree.

A defendant's admission that he suffered prior convictions "is not limited in scope to the fact of the convictions but extends to all allegations concerning the felonies contained in the information.  [Citations.]"  (*People v. Ebner* (1966) 64 Cal.2d 297, 303; see also *People v. Jones* (2009) 178 Cal.App.4th 853, 859, fn. 3 [Fourth Dist., Div. Two]; *People v. Watts* (2005) 131 Cal.App.4th 589, 594-595; *People v. Cardenas* (1987) 192 Cal.App.3d 51, 61.)  A reviewing court must view the entire record of the proceeding and the totality of the circumstances to determine if the defendant knowingly and intelligently admitted not only suffering a prior conviction but also additional facts about the prior conviction that are necessary for imposing an enhanced sentence.  (*People v. Mosby*

4

(2004) 33 Cal.4th 353, 360-361 (*Mosby*); see *People v. Carrasco* (2012) 209 Cal.App.4th 715, 725 [admission included § 667.5, subd. (b) allegation].)

In the information, the People alleged that in June 2004, defendant suffered a prior conviction for assault with a deadly weapon (§ 245, subd. (a)(1)), which constitutes a "serious felony" (§ 667, subd. (a)(1)), and that the same conviction for assault with a deadly weapon constitutes a "serious or violent felony" strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). During the hearing, the trial court stated on the record its understanding that defendant "would admit a *prior strike and a prior serious felony conviction*, which is the same thing, a 667(a) and an 1170.12(a) through (d)." (Italics added.) Neither defendant nor his attorney disagreed on the record with that characterization. The court then asked defendant, "So it's alleged you were convicted of a violation of Penal Code Section 245(a)(1) on or about June 18th, 2004 in Case FSB043053 in San Bernardino County, *and that's a serious or violent felony*. [¶] Do you admit you suffered that prior conviction?" (Italics added.) Defendant answered, "Yes," and his attorney joined in the admission.

This question and answer cannot be divorced from their context, which includes (1) the unmistakable language in the information, which put defendant on notice that the People intended to prove the prior conviction was a serious or violent felony for purposes of sentencing, (2) the trial court's uncontradicted prefatory statement that it was under the impression defendant would be admitting he suffered "a prior strike and a prior serious felony conviction," and (3) the court's question, which was immediately proceeded by

5

the court's statement, again uncontradicted, that the felony the defendant was asked to admit constituted "a serious or violent felony."

Thus, defendant's contention parses the record too finely (separating the admission from its context), and we reject it. Viewing defendant's admission under the totality of the circumstances, we conclude defendant admitted his prior conviction for assault with a deadly weapon as alleged in the information, which includes the additional elements under sections 1170.12 and 667 that the prior was for a serious or violent felony.

The decisions in *People v. Epperson* (1985) 168 Cal.App.3d 856 (*Epperson*), *People v. Lopez* (1985) 163 Cal.App.3d 946 (*Lopez*), and *People v. English* (1981) 116 Cal.App.3d 361 (*English*), on which defendant relies, do not alter our conclusion.

In *Epperson*, the information alleged the defendant served separate prison terms for his prior convictions and that he did not remain free from prison custody for five years, for purposes of section 667.5, subdivision (b). (*Epperson*, *supra*, 168 Cal.App.3d at p. 862.) Although the trial court related to defendant all the facts alleged in the information when taking defendant's admission, because it only asked defendant if he admitted or denied suffering the conviction, the Court of Appeal reversed and ordered the enhancements stricken because the defendant "admitted only the fact of each of his convictions and *not* the existence of the requisite prison term served and the nonexistence of the five-year 'washout' period." (*Id*. at pp. 864-865.) Under the totality of the circumstances analysis subsequently mandated by *Mosby*, we have our doubts whether *Epperson* remains good law. In any event, *Epperson* is distinguishable because there, the

6

People conceded the information was incorrect and that the defendant was entitled to a "washout" and to modification of his sentence. (*Epperson*, at p. 865.) The People concede no similar error here.

In *English*, the People did not allege in the information the defendant was sentenced to and served separate prison terms for his prior convictions, so the Court of Appeal held the defendant's admission to the fact of the prior convictions did not include the facts necessary for application of section 667.5, subdivision (a). (*English*, *supra*, 116 Cal.App.3d at pp. 371-372.) In contrast, the information here clearly alleged defendant suffered a prior conviction for assault with a deadly weapon and that the prior conviction constitutes a serious or violent felony for purposes of sections 1170.12 and 667.

Finally, in *Lopez*, the People alleged the defendant suffered two prior burglary convictions, which qualified as serious felonies under section 667, subdivision (a), and that he served separate prison terms for each prior. (*Lopez*, *supra*, 163 Cal.App.3d at p. 948.) As part of his guilty plea, defendant admitted the prior convictions "after having been informed that they were 'serious felonies, within the meaning of Penal Code section 667a.'" (*Id*. at p. 949.) Relying on *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Yurko* (1974) 10 Cal.3d 857, the Court of Appeal "concluded that an accused can make no intelligent admission unless he has been fully advised concerning the facts that he is admitting." (*Lopez*, at pp. 949-950.) Because (1) the People did not allege the defendant's prior convictions were for residential burglaries, (2) the defendant was not specifically asked to admit that his prior convictions were for residential burglaries and, therefore, constituted serious felonies, and (3) he was not asked to admit that he served

7

separate prison terms for his prior convictions, the Court of Appeal affirmed an order striking the allegations from the complaint. (*Id*. at pp. 950-951.)

Like *Epperson*, we have our doubts whether *Lopez* would be decided the same today applying the totality of the circumstances analysis from *Mosby*. While it might be "preferable" for a trial court to expressly ask a defendant if he or she admits that their prior conviction is a serious or violent felony (*Lopez, supra*, 163 Cal.App.3d at p. 950), it is not absolutely necessary (see *People v. Franco* (1970) 4 Cal.App.3d 535, 540 ["Appellant's admission of the prior conviction thus included an admission that he had served a term therefor as alleged in the information, even though he was not asked, separately, whether he had served such term"]).

Because we conclude that under the totality of the circumstances defendant admitted that his prior conviction for assault with a deadly weapon constitutes a serious or violent felony, we affirm imposition of the sentencing enhancements under sections 1170.12 and 667.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

MILLER
J.

8