Filed 3/4/14  P. v. Pina CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>JUAN LUIS PINA,<br><br> Defendant and Appellant. | 2d Crim. No. B246739<br>(Super. Ct. No. 2012025043)<br>(Ventura County) |

Juan Luis Pina was charged by information with second degree commercial burglary (Pen. Code, § 459; count 1),[1] petty theft with a prior (§ 666, subd. (b); count 2), and receiving stolen property (§ 496, subd. (a); count 3).  Count 2 alleged that appellant had a prior conviction for violating Vehicle Code section 10851 (auto theft) and served time in a penal institution for that crime (§ 666, subd. (b)).  It further alleged that appellant had a prior strike conviction for a violent or serious felony.  (§§ 666, subd. (b)(1), 667, subds. (c)(1) & (e)(1), 1170.12, subds. (a)(1) & (c)(1).)  The trial court bifurcated the trial on the priors, and appellant waived a jury trial on those allegations.

The jury found appellant guilty of petty theft.  (§ 484, subd. (a).)  The other counts were dismissed.  Appellant admitted the prior conviction allegations in a bifurcated proceeding, but was not asked to admit that he served time in a penal institution for the theft-related conviction.  Applying the sentence enhancement for petty

---

[1] All statutory references are to the Penal Code unless otherwise stated.

theft with a prior (§ 666, subd. (b)), the trial court imposed the middle term of two years, doubled to four years based on the prior strike. Appellant was awarded a total of 879 days of custody credit comprised of 587 actual days and 292 conduct credit days.

Appellant contends his enhanced sentence must be reversed because he did not admit to having served time for his prior theft-related conviction. We affirm.

## FACTS

Because the facts underlying appellant's conviction are not relevant to the issue raised on appeal, we need not discuss them. In short, a police investigation revealed that appellant had replaced the back seat of his car with a large liquid storage tank into which he transferred gasoline stolen from a service station gas tank. He later sold the gas.

## DISCUSSION

### *Sentence Enhancement*

Relying on *People v. Epperson* (1985) 168 Cal.App.3d 856, and *People v. Lopez* (1985) 163 Cal.App.3d 946, appellant contends there is insufficient proof of the sentencing enhancement under section 666, subdivision (b), because he did not admit, and the People did not prove, that he served a term in a penal institution for his theft-related conviction. We disagree.

Petty theft is normally a misdemeanor. (§§ 486, 488, 490; *People v. Terry* (1996) 47 Cal.App.4th 329, 331.) Section 666, subdivision (b), allows petty theft to be punished as a felony if the defendant has a prior theft-related conviction for which he was incarcerated plus a prior strike conviction.[2] The courts have long defined section 666 as a sentencing factor for the court, not a substantive element of an offense for the jury.

---

[2] Section 666, subdivision (b) provides, in relevant part: "Notwithstanding Section 490, any person described in paragraph (1) who, having been convicted of petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code . . . , and having served a term of imprisonment therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, and who is subsequently convicted of petty theft, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison. [¶] (1) This subdivision shall apply to any person . . . who has a prior violent or serious felony conviction, as specified in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

(*People v. Bouzas* (1991) 53 Cal.3d 467, 473-475; *People v. Robinson* (2004) 122 Cal.App.4th 275, 281 [Section 666 "establishes an alternate and elevated penalty for a petty theft conviction when a recidivist defendant has served a prior term in a penal institution for a listed offense"].)

After the jury convicted appellant of petty theft, the trial court proceeded to try the priors. The prosecutor informed the court: "I . . . have certified copies of the prior 10851 conviction which I think would be enough given the defendant also admitted it [before the jury]. . . . Then I would be asking the Court to take judicial notice of the violation of probation that it has before it. And I think that in conjunction with the defendant's admission during the trial, the print comparison would be unnecessary. However, if the Court feels differently, I can make a phone call and try to have someone come over and offer their testimony . . . ." The court asked defense counsel how he wished to proceed.

Defense counsel conferred with appellant off the record. Rather than require the prosecutor to prove the allegations, counsel stated: "[T]here's no need for a hearing at this time. [Appellant] will admit the priors as alleged in the Information." Accepting the court's invitation to voir dire appellant on the admissions, the prosecutor inquired: "[I]t has been alleged in the Information [in this case] under Count 2 that you suffered a conviction in 2006 in case No. 260000143, which is a Vehicle Code section violation of 10851, subsection (a), which is a felony. [¶] Do you at this time admit or deny that allegation?" Appellant answered, "I admit." Appellant also admitted his "prior conviction [for] a serious or violent felony which is also known as a strike." The court stated: "The priors as to Count 2 having been admitted, I don't think there's anything left to do except to select a sentencing date. Am I missing something, Counsel?" Both counsel replied, "No."

The information alleged that appellant had a prior conviction for theft and had served time in a penal institution for that offense. In *Epperson,* the court concluded that the defendant's admission of his prior conviction, which did not include an explicit admission of the separate prison term requirement, could not be construed "as including

admissions of all the necessary elements of the enhancements alleged under . . . section 667.5, subdivision (b)." (*People v. Epperson, supra,* 168 Cal.App.3d at pp. 864-865.)  In *Lopez*, the court stated:  "[T]he record does not indicate that the amendment to the felony complaint was read to defendant, that he waived a reading thereof, or that he was ever advised that by admitting the validity of the prior convictions he would also be admitting that he served separate prison terms therefor.  Thus, his admission that the prior convictions were valid cannot be construed as an admission of the allegations that he served prior, separate prison terms for each of those convictions." (*People v. Lopez, supra,* 163 Cal.App.3d at p. 951.)

To the extent *Epperson* and *Lopez* may be read to require per se reversal of a sentencing enhancement where the defendant admits a prior conviction but does not expressly admit having served a term in a penal institution for that conviction, we decline to follow them.  Rather, we are persuaded that whether a defendant has admitted to having served the requisite term in a penal institution turns on the totality of the circumstances.  (See *People v. Mosby* (2004) 33 Cal.4th 353, 356 (*Mosby*).)

Here, appellant admitted during cross-examination that he had prior convictions for auto theft and felony criminal threats.  The entire point of the bifurcated proceeding, therefore, was to prove up appellant's violation of probation and subsequent incarceration for the theft conviction.  After the prosecutor explained how he intended to prove that specific allegation, defense counsel halted the proceeding, saying it was unnecessary and that appellant "will admit the priors as alleged in the Information."  As previously discussed, the information alleged in count 2 that appellant was convicted in 2006 of violating Vehicle Code section 10851, "and served a term for [that] crime in a penal institution and was imprisoned therein as a condition of probation."

Viewing appellant's admissions in the context of the entire proceedings (*Mosby, supra*, 33 Cal.4th at p. 356), it is evident appellant was admitting the allegations set forth in count 2 of the information.  (See *People v. Ebner* (1966) 64 Cal.2d 297, 303 ["[d]efendant's admission of the prior convictions is not limited in scope to the fact of the convictions but extends to all allegations concerning the felonies contained in the

4

information"]; *People v. Cardenas* (1987) 192 Cal.App.3d 51, 61 ["admission of prior convictions where the charging information specifically alleges the convictions resulted in prior separate prison terms is deemed an admission such prison terms were separately served"]; see also *People v. Franco* (1970) 4 Cal.App.3d 535, 540 [admission of prior offense after reading of information "included an admission that [defendant] had served a term therefor as alleged in the information, even though he was not asked, separately, whether he had served such term"].) Accordingly, we reject appellant's contention that the court erred by enhancing his sentence under section 666, subdivision (b).

In reaching this decision, we are by no means encouraging trial courts and prosecutors to rely on "the totality of the circumstances" when taking the defendant's admissions of priors. Instead, they should ensure that the defendant is asked to admit each and every allegation necessary to support the enhancement.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


5

James P. Cloninger, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.