Filed 11/24/14  P. v. Black CA2/2
Opinion following rehearing

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B249727 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA056966) |
| v. | |
| DARNELL BLACK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Eric Harmon, Judge.  Modified, remanded with directions and affirmed.

Davina T. Chen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Gerald Engler, Chief Assistant Attorneys General, Lance E. Winters, Assistant Attorney General, Yun K. Lee, Margaret E. Maxwell and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

In an opinion filed on October 27, 2014, we affirmed the judgment of conviction and held, among other things, that six prior prison terms were served separately by appellant Darnell Black, which was the basis for the enhancement, by six years, of appellant's sentence. Appellant filed a petition for rehearing in which he pointed out that the probation report showed that two of the six prior prison terms were served concurrently, not separately. We requested a reply to the petition for rehearing. In the reply, respondent cites the certified RAP sheet, which was People's exhibit 13, that indicates, as we discuss in detail in section 4 of the Discussion part of our opinion, that the probation report is in error and that the sentences were served separately. We agree with respondent that this factual conflict should be resolved by the trial court and therefore remand the case with directions to the trial court to determine whether the sentences on the two prior convictions in question were served separately.

Having granted appellant's petition for rehearing, we issue this opinion that is identical to the opinion filed on October 27, 2014, with four exceptions. They are the addition of the Introduction section, a change in the text of footnote 5, a new section 4 of the Discussion part of this opinion and a new Disposition section.

With the exception of the modification already noted in our previous opinion striking prior conviction case No. VA039282 and the remand with directions to determine whether the sentences on the two prior convictions were served separately, we affirm the judgment.

## STATEMENT OF THE CASE

In an information filed on August 23, 2012, appellant Darnell Black was charged with two counts of second degree burglary in violation of Penal Code, section 211,[1] involving two victims (counts 1 & 2) and with second degree commercial burglary in

---

[1] All further statutory references are to the Penal Code.

violation of section 459 (count 5).**2**  Appellant was also charged with seven prior felony convictions for which he served prison terms.**3**

Appellant pleaded not guilty, but a jury found him guilty of all three charges. Appellant admitted six of the prior prison term allegations.

The court imposed the upper term of five years on count 1 and one-third the midterm on count 2, i.e., a consecutive sentence of one year.  The court stayed the eight-month sentence on count 3 pursuant to section 654.  The abstract of judgment shows that appellant's sentence was enhanced by six 1-year terms for the six prior terms he admitted.  Thus, appellant was sentenced to the total of 12 years in prison.  Various fines and assessments were imposed and custody credits were awarded, none of which are challenged on appeal.

This appeal is from the judgment.

## STATEMENT OF FACTS

Appellant concedes that there is sufficient evidence showing that on July 30, 2012, he stole seven cell phones from a Target store in Lancaster.  He does not challenge his conviction for the second degree robbery of Gerald Roberts (count 1), Target's loss prevention officer.  However, he contends he could not be convicted of the second degree robbery of Evan Ramsey (count 2), a Target protection specialist, because by the time Ramsey arrived on the scene, appellant no longer had the cell phones and was merely trying to get away.  We reject this contention for the reasons set forth below.

The record shows that Roberts was observing appellant on security cameras while appellant, whose photograph was already posted on the wall as a suspicious person to watch, would stop and pull cell phones attached to metal rods from the wall and drop the phones into a shopping cart.  Roberts instructed Ramsey, who was in uniform, to monitor appellant.  Ramsey proceeded to the floor where appellant was operating in order to

---

**2**     Only three counts were charged; counts 3 and 4 were not utilized.

**3**     Originally, six prior felonies were charged.  A seventh was added following the verdict.

3

observe him on the security camera. As appellant candidly explained on the witness stand, his modus operandi was to take the cell phones off the wall, hide them in the store itself and return at a later time to pick them up. True to his plan, on July 30, 2012,[4] appellant eventually jettisoned the shopping cart and he walked out of the store without anything in his hands. He was carrying seven cell phones in his pockets.

Roberts left the store and waited for appellant to appear, and, when he did, he identified himself and told appellant to stop and to return to the store. Appellant said, "Hell, no" and a physical tussle ensued which consisted of appellant trying to escape toward the parking lot and Roberts hanging on to his arm. The encounter was violent as both men eventually ended up on the ground. Ramsey arrived when appellant and Roberts were still standing, with Roberts hanging on to appellant's left arm and appellant trying to pull away. Ramsey grabbed appellant's right arm, and in the melee it appeared to Ramsey as if appellant was trying to head-butt him. All three men fell to the ground.

At some point, cell phones started to come out of appellant's pockets. Target employees on the scene started to pick up the cell phones. Not surprisingly, Roberts was unable to recall how many cell phones fell out, although he did testify that by the time appellant was placed in custody by the sheriff, all seven cell phones had come out.

The struggle continued on the ground in that Roberts and Ramsey tried to handcuff appellant. When Deputy Sheriff Lee Warren arrived, appellant was in handcuffs on the ground and Ramsey and Roberts were on either side of him. After Warren had patted down appellant, appellant continued to resist and even attempted to escape.

## DISCUSSION

### 1. *Appellant's conviction of the robbery of Ramsey is supported by the evidence.*

Appellant asks this court to infer that by the time that Ramsey arrived on the scene of the struggle between appellant and Roberts, all of the cell phones had dropped out of

---

[4] Appellant had been in the Target store on July 27 and 29, 2012, as well.

4

appellant's pockets and that, for this reason, the robbery was effectively over, with the result that Ramsey could not be the victim of a robbery.

The flaw in appellant's argument is that, on appeal, inferences are to be drawn *in favor and in support* of the judgment and not contrary to the judgment that was entered. This has been the rule for some time. (*Bancroft-Whitney Co. v. McHugh* (1913) 166 Cal. 140, 142; *Crawford v. Southern Pac. Co.* (1935) 3 Cal.2d 427, 429.) This rule has been followed by cases too numerous to cite. (See generally 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 365, pp. 422-424.)

There is certainly *some* evidence from which it can be inferred that by the time Ramsey arrived, all the cell phones had fallen out of appellant's pockets. As an example, Ramsey testified he thought he saw six cell phones on the ground when he came out of the store, which is not implausible (but which would still leave one on appellant's person, as respondent notes). Roberts testified that while he saw cell phones falling during the fight, "I'm not sure if all of them fell out at that time. But by the time he was arrested when he was in the sheriff's custody, he did not have any more phones at all." In other words, it is also quite possible that not all of the phones fell out before Ramsey joined in the fight. Given the circumstance that Ramsey joined in the fight evidently within seconds, it is perfectly reasonable to think that there were still cell phones in appellant's pockets when Ramsey arrived. Under the rule stated above, this is the inference that this court is required to draw.

Common sense, however, provides an even more convincing answer. Given that appellant was trying to escape while Roberts and Ramsey were trying to overpower him, the fact is that appellant was trying to get away with whatever loot he could, which means that he was doing his best to deprive Target of its property. And that intent is an element of the crime of robbery. (*People v. Hodges* (2013) 213 Cal.App.4th 531, 543 [intent to deprive owner permanently of property is a necessary element of robbery].) Thus, unlike the defendant in *Hodges*, the case appellant relies on where the shoplifter threw the contraband away (*id.* at pp. 535-536), appellant was doing everything in his

5

power to get away with the cell phones. This means that while the three men were fighting, the robbery was still in progress.

## 2. *The amendment adding a seventh conviction was neither erroneous nor prejudicial.*

During the sentencing hearing, the People moved to amend the information with a seventh prior conviction, case No. VA039282. This was done over the defense's objection that this was "disingenuous" and "vindictive." On appeal, appellant contends that this was error in that he had a right to have a jury determine this issue.

During the trial, the parties stipulated that appellant had suffered seven prior convictions, including in case No. VA039282. In explaining this stipulation to appellant, the trial court noted that the issue of the prior convictions had been bifurcated and the court then ascertained that appellant was waiving his right to a jury trial on the matter of the prior convictions. This ends the matter, save for the point that the trial court stated during the argument on this amendment that it would not "max him out," meaning that he would not impose an additional one-year sentence, which, in fact, he did not do. Appellant's sentence was enhanced by six, not seven, prior convictions.

Respondent correctly points out that the one-year enhancement under subdivision (b) of section 667.5 is mandatory and, if not imposed, it must be stricken. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) Accordingly, we strike as a prior conviction case No. VA039282, which removes all possibility of error.[5]

Appellant goes on to contend that, in the event we hold that defense counsel's objection to this amendment did not preserve the issue for review, counsel was ineffective. We need not address this contention in that we have assumed that the objection to the amendment was procedurally effective. The fact of the matter is that the objection was substantively without merit since the amendment had no effect on the

---

[5]     We disagree with respondent's statement in its opposition to the petition for rehearing that there is a conflict between the statement that adding the seventh conviction was not error and striking that conviction. The addition of this conviction was not error for reasons pointed out in the text. It is only when it turned out later that an enhancement for this conviction was not imposed that it had to be stricken.

sentence and thus could not be said to have been "vindictive." Finally, we decline to address as too trivial the claim that it was error to change prior conviction MA073924 to *N*A073924.

**3. *The trial court fully advised appellant of the consequences of waiving a jury on the prior convictions.***

Appellant claims that, when he waived a jury on the priors, he was not advised of his right against self-incrimination or his right to confront adverse witnesses.

This claim is refuted by the record. The trial court clearly told appellant that he had the right to "confront and cross-examine witnesses" and that he also had the "privilege against self-incrimination. All of the rights that apply to this normal trial would also apply to the jury trial on the priors."

**4. *It appears from the record that appellant served separate sentences for the six prior felony convictions.***

It is an element of the enhancement under subdivision (b) of section 667.5 that the prior prison term was served separately. (*People v. Welge* (1980) 101 Cal.App.3d 616, 623.) In this case, the information does not allege that the six prior prison terms were served separately and appellant did not expressly admit this fact when he admitted the six prior convictions. We previously held that where "it appears from the record in some manner" that the prior prison terms were separately served, the enhancements under subdivision (b) of section 667.5 will be affirmed. (*People v. James* (1978) 88 Cal.App.3d 150, 162.) Since the information reflects six conviction dates from 1993 to 2007, with the years of the convictions separated by a minimum of two years, we concluded that the six convictions were separately served.

In the petition for rehearing, appellant pointed out that, according to the probation report, the sentences in case Nos. YA034488 and BA185143 were served concurrently. Respondent, however, cites the RAP sheet that shows that appellant was convicted on October 24, 1997, in case No. YA034488 and sentenced to three years in prison. Confusingly, the RAP sheet also shows that appellant was convicted for the same offense on May 13, 1999, and sentenced to three years in prison. As to case No. BA185143, the

7

RAP sheet shows appellant was convicted on May 13, 1999, and sentenced to two years in prison.

The trial court must determine whether the sentences in case Nos. YA034488 and BA185143 were served separately. If not, the trial court must modify appellant's sentence accordingly.

## DISPOSITION

The amendment of the information with the conviction in case No. VA039282 is vacated and stricken. The case is remanded with directions to determine whether the sentences in case Nos. YA034488 and BA185143 were served separately. If not, the trial court must modify appellant's sentence accordingly. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.